Filed 11/2/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081200 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF062219) |
| EDGAR ANTONIO FLORES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge. Affirmed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman, Lynne G. McGinnis, and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Edgar Antonio Flores appeals the order denying a petition for resentencing on his second degree murder conviction. The superior court

denied the petition without holding an evidentiary hearing on the ground Flores was ineligible for resentencing because he had been convicted of provocative act murder. We affirm.

I.

BACKGROUND

A.    *Murder*

This case arises out of a gun battle during a high-speed vehicle chase in 2008. Flores drove a car that had been reported stolen, and with him were Alexis Melendrez in the front seat and Anthony Albert Paez in the back seat. When California Highway Patrol (CHP) officers spotted the car and tried to stop it, Flores sped off. The CHP officers pursued the car. During the pursuit, Paez leaned out a rear window and fired a handgun at the officers. The officers returned fire and fatally shot Melendrez.

B.    *Trial*

Flores and Paez were charged with the murder of Melendrez (Pen. Code, § 187; undesignated section references are to this code) and several other crimes. The only theory of murder presented to the jury was the provocative act murder doctrine.[1]

---

[1]    The provocative act murder doctrine describes "circumstances under which a defendant comes within the statutory definition of murder when his or her unlawful conduct provokes another into committing the fatal act." (*People v. Cervantes* (2001) 26 Cal.4th 860, 867, fn. 10 (*Cervantes*).) The doctrine applies "when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655 (*Gonzalez*); accord, *People v. Briscoe* (2001) 92 Cal.App.4th 568, 581 (*Briscoe*).) It is the only murder theory available when someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime. (*People v. Antonelli* (2023) 93 Cal.App.5th 712, 721, review granted Oct. 18, 2023, No. S281599.)

To find Paez guilty, the jury was instructed it had to find that during his commission of attempted murder, assault with a firearm, or shooting at an occupied vehicle, he committed the provocative act of shooting at the pursuing CHP officers, which he knew was dangerous to human life, committed with conscious disregard for life, should have foreseen had a high probability of initiating a chain of events resulting in someone's death, and caused Melendrez's death. (See CALCRIM No. 560.) To find Flores guilty, the jury was separately instructed it had to find that while he was aiding and abetting Paez in the commission of the same three offenses, Flores committed the provocative act of driving in a manner that allowed Paez to shoot at the pursuing CHP officers, which Flores knew was dangerous to human life, committed with conscious disregard for life, should have foreseen had a high probability of initiating a chain of events resulting in someone's death, and caused Melendrez's death. (See CALCRIM No. 561.) The instruction specific to Flores advised the jury it could not find him guilty unless the People proved he committed a provocative act that caused Melendrez's death, and he was not guilty if the jury decided Paez committed the only provocative act that caused the death.

Each instruction advised the jury that for the murder to be first degree, the jury had to find Melendrez was killed during an attempted murder the specific defendant intended to commit and as a result of the provocative act committed by that defendant; that a murder that did not satisfy those requirements was second degree; and that in determining the degree, the jury should refer to the instructions on attempted murder. The jury was given separate instructions on willful, deliberate, and premeditated attempted murder (CALCRIM Nos. 600, 601) and aiding and abetting (CALCRIM Nos. 400, 401).

Flores and Paez were tried together in early 2010 and found guilty of the murder of Melendrez and other crimes.[2] The jury fixed the degree of the murder as first for Paez and second for Flores. The judgment of conviction against Flores was affirmed on appeal in 2012. (*People v. Paez* (July 3, 2012, D058373) [nonpub. opn.].)

C.    *Section 1172.6 Proceeding*

After Flores's judgment became final, legislation narrowed the scope of liability for felony murder and abolished liability for murder based on the natural and probable consequences doctrine. (§§ 188, 189, as amended by Stats. 2018, ch. 1015, §§ 2, 3, eff. Jan. 1, 2019; see *People v. Gentile* (2020) 10 Cal.5th 830, 842–843, 846.) The legislation enacted former section 1170.95, which established a procedure for persons to seek relief if they had been convicted of murder before the legislation took effect but could not have been so convicted had the legislation been in effect at the time of the killing. (Stats. 2018, ch. 1015, § 4; see *Gentile*, at p. 843.) Later legislation amended section 1170.95 to expand the scope of persons eligible for relief to include those convicted of murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (Former § 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2, eff. Jan.

---

[2]    The jury also found Paez guilty of two counts of willful, deliberate, and premeditated attempted murder (§§ 21a, 187), two counts of assault with a firearm (§ 245, subd. (a)(2)), and one count of shooting at an occupied vehicle (§ 246), but acquitted Flores of those charges. The jury additionally found Paez guilty of active participation in a criminal street gang (§ 186.22, subd. (a)) and possession of a firearm by a felon (former § 12021), and found Flores guilty of receiving a stolen vehicle (§ 496d) and reckless driving while attempting to evade a peace officer (Veh. Code, § 2800.2). The jury found true several gang and firearm enhancement allegations against Paez and a gang enhancement allegation against Flores. (§§ 186.22, subd. (b)(1)(C), 12022.5, subd. (a), 12022.53, subd. (c).)

4

1, 2022.)  The procedure is now codified as section 1172.6.  (Stats. 2022, ch. 58, § 10; see *People v. Wilson* (2023) 14 Cal.5th 839, 869, fn. 9 (*Wilson*).)  We use that statutory number for simplicity.

Flores, representing himself, filed a form petition for resentencing under section 1172.6 on March 10, 2021.  He checked boxes on the form stating he was charged in a document that allowed the People to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of murder on a theory of felony murder or under the natural and probable consequences doctrine; and he could not presently be convicted of murder because of the legislative changes described in the immediately preceding paragraph.  Flores also checked a box requesting appointment of counsel.

The superior court appointed counsel for Flores.  At a status conference, the People asked the court to deny the petition because Flores had been convicted of murder based on the provocative act doctrine and not felony murder or murder under the natural and probable consequences doctrine.  Flores's counsel stated he had seen the jury instructions and agreed the petition should be denied because the conviction was for provocative act murder.  Based on those statements, the court found Flores ineligible for relief and denied the petition.

## II.

## DISCUSSION

Flores contends the superior court erred by denying his section 1172.6 petition at the prima facie review stage.  He argues the instructions given at his trial allowed the jury to find him guilty of murder based on a now-invalid theory of imputed malice, namely, that he aided and abetted Paez's provocative act without himself acting with malice.  Flores also argues

5

counsel who represented him in the superior court provided ineffective assistance by failing to amend the petition after legislation made relief available to persons convicted of murder on any theory that imputed malice based solely on participation in a crime and by failing to make the instructional argument he now urges. He asks us to reverse the denial order and to remand the matter with directions to the superior court to issue an order to show cause and to appoint new counsel.

A.    *Standard of Review*

We review de novo an order denying a section 1172.6 petition at the prima facie review stage. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.) Although at that stage a court presented with a section 1172.6 petition may not engage in factfinding that requires weighing evidence or exercising discretion, the court may consider jury instructions, jury verdicts, and other documents that are part of the record of conviction to determine whether the petitioner satisfies the conditions for relief. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 970–972 (*Lewis*); *Coley*, at pp. 545–548.) We granted Flores's request to augment the record to include the jury instructions, transcripts of closing arguments, and verdicts from his trial. (Cal. Rules of Court, rule 8.155(a)(1).)

B.    *Denial of Petition*

Section 1172.6 provides "a procedural mechanism for those convicted of murder under prior law to seek retroactive relief." (*Wilson, supra*, 14 Cal.5th at p. 869.) For a petitioner convicted of murder, the statute sets out three conditions for relief: (1) the accusatory pleading allowed prosecution on a theory of felony murder, the natural and probable consequences doctrine, or some other theory by which malice is imputed based solely on participation in a crime; (2) the conviction followed a trial or guilty plea; and (3) the petitioner

6

could not now be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) Flores cannot satisfy the third condition.

The statutory change relevant to Flores's claim that he might have been convicted based on a theory of imputed malice that is no longer valid is the addition of subdivision (a)(3) to section 188. (Stats. 2018, ch. 1015, § 2.) Under that provision, except in cases of felony murder, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The only theory of murder presented to Flores's jury was provocative act murder, which "requires proof that the defendant *personally harbored the mental state of malice*, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing." (*Gonzalez*, *supra*, 54 Cal.4th at p. 655, italics added; accord, *People v. Concha* (2009) 47 Cal.4th 653, 663 (*Concha*) ["The defendant or an accomplice must proximately cause an unlawful death, and the defendant must personally act with malice."]; see *People v. Mancilla* (2021) 67 Cal.App.5th 854, 868 ["malice aforethought— conscious disregard for life—is a necessary element of a conviction for provocative act murder"].)[3] The jury was instructed that Flores was guilty of

---

[3]    The requirement the defendant personally harbor malice to be guilty of provocative act murder is consistent with the general rule that "[t]o satisfy the mens rea element of murder, the defendant must personally act with malice aforethought." (*Concha*, *supra*, 47 Cal.4th at p. 660.) *Concha* applied the general rule in a provocative act murder case, but our Supreme Court had made clear several years earlier that outside the natural and probable consequences doctrine, a person who aids and abets another in a killing is liable for her own acts and those of the other person, but each "person's mental state is her own; she is liable for her mens rea, not the other person's." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118.) Once guilt is

7

murder only if, during his aiding and abetting Paez in the commission of a specified felony, Flores committed a provocative act he knew was dangerous to human life, did so with conscious disregard for life, and thereby caused Melendrez's death. "Malice will be implied if the defendant commits a provocative act knowing that this conduct endangers human life and acts with conscious disregard of the danger." (*Gonzalez*, at p. 655; accord, *People v. Gilbert* (1965) 63 Cal.2d 690, 704 (*Gilbert*), revd. on other grounds *sub nom. Gilbert v. California*, (1967) 388 U.S. 263; *Briscoe, supra*, 92 Cal.App.4th at p. 581.) For such a defendant, "section 188, subdivision (a)(3), which provides malice shall not be imputed to a person based solely on his or her participation in a crime, does not affect the theory of provocative act murder." (*Mancilla*, at p. 868.) Since the law has always required a defendant who committed a provocative act personally harbor malice and still does, Flores fails to satisfy the condition for relief that he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) He thus failed to state a prima facie case for relief. (*People v. Burns* (2023) 95 Cal.App.5th 862, 867 (*Burns*).)

---

established for provocative act murder, the degree of the murder is based on the defendant's personal mental state. (*Concha*, at p. 663.) "In the classic provocative act murder prosecution, *malice is implied* from the provocative act, and the resulting crime is murder in the second degree." (*Cervantes, supra*, 26 Cal.4th at pp. 872–873, fn. 15.) But "when malice is *express* because the defendant possessed a specific intent to kill, first degree murder liability may be proper if the charged defendant personally acted willfully, deliberately, and with premeditation." (*Concha*, at p. 662; accord, *Cervantes*, at pp. 872–873, fn. 15.) Because attempted murder requires intent to kill (*People v. Collie* (1981) 30 Cal.3d 43, 62), the provocative act murder doctrine does not limit a defendant's liability to second degree murder when an unintended person is killed by the victim or a law enforcement officer during an attempted murder (*Concha*, at p. 663).

8

In urging us to reach the opposite conclusion, Flores argues the superior court's instructions allowed the jury to find him guilty of murder either by committing a provocative act himself with the required mental state (CALCRIM No. 561) *or, alternatively, by aiding and abetting Paez's commission of a provocative act with only Paez having the required mental state* (CALCRIM Nos. 400, 401, 560). Hence, Flores argues, his murder conviction *might* have rested on the jury's impermissible imputation of malice from Paez to him. In support of this argument, he relies on *People v. Maldonado* (2023) 87 Cal.App.5th 1257 (*Maldonado*) and *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), where the Courts of Appeal reversed orders denying section 1172.6 petitions at the prima facie review stage because, in their view, instructions on aiding and abetting and implied malice could have allowed juries to impute malice based solely on the appellant's participation in a crime. Flores also relies on *People v. Lee* (2023) 95 Cal.App.5th 1164 (*Lee*), where the Court of Appeal reversed an order denying a section 1172.6 petition at the prima facie review stage because at the time of the appellant's conviction of provocative act murder in 1994, the law did not require a defendant personally act with malice and allowed conviction based on the provocative act and mental state of an accomplice, and the jury was so instructed. Flores's cited authorities and related arguments do not persuade us that he has stated a prima facie case for relief.

One flaw in Flores's argument is that it has nothing to do with the changes to the law of murder that authorize convicted murderers to seek relief under section 1172.6. When Flores was convicted in 2010, a provocative act murder conviction required the defendant personally harbor malice, whether it was the defendant or an accomplice who committed the provocative act that caused the death. (*Concha*, *supra*, 47 Cal.4th at p. 663

9

["The defendant or an accomplice must proximately cause an unlawful death, and the defendant must personally act with malice."]; *McCoy*, *supra*, 25 Cal.4th at p. 1118 [defendant "is liable for her mens rea, not the other person's"]; *Lee*, *supra*, 95 Cal.App.5th at pp. 1181–1182 [*Concha* indicated "a murder conviction, whether first or second degree, requires proof of a defendant's individual mental state"].)[4] That requirement is fully consistent with the 2019 amendments to section 188, which require for a murder conviction not based on the felony-murder rule that each principal in a crime act with malice aforethought and prohibit imputation of malice based solely on participation in a crime. (Stats. 2018, ch. 1015, § 2.) Hence, Flores cannot show he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3); see *Burns*, *supra*, 95 Cal.App.5th at p. 867.)

Bereft of any legislative change supporting relief, Flores's argument reduces to a claim that the instructions given at his trial did not clearly require the jury to find that he personally acted with malice to find him guilty of provocative act murder, and instead let the jury impute malice from

4    We reject Flores's suggestion that not until the Supreme Court of California decided *Gonzalez*, *supra*, 54 Cal.4th 643, on July 5, 2012, did the case law require a defendant personally act with malice to be guilty of provocative act murder. We think the Supreme Court made that requirement clear in ruling in 2001 that "when guilt does not depend on the natural and probable consequences doctrine, . . . the aider and abettor must know and share the murderous intent of the actual perpetrator." (*McCoy*, *supra*, 25 Cal.4th at p. 1118; see fn. 3, *ante*.) In any event, the requirement was established no later than November 12, 2009, when the Supreme Court applied *McCoy* in a provocative act murder case and ruled: "The defendant or an accomplice must proximately cause an unlawful death, and the defendant must personally act with malice." (*Concha*, *supra*, 47 Cal.4th at p. 663; see *Lee*, *supra*, 95 Cal.App.5th at p. 1185 [noting that "before *Concha*, a provocative murder conviction could have been based on a theory of imputed malice"].)

Paez to him. Such a routine claim of instructional error could have been asserted on appeal from the judgment of conviction. "Section 1172.6 does not create a right to a second appeal," however, and Flores "cannot use it to resurrect a claim that should have been raised in his . . . direct appeal." (*Burns*, *supra*, 95 Cal.App.5th at p. 865; accord, *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error"]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 ["statute does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

Another flaw in Flores's argument is that the cases on which he relies are not on point. *Lee* is distinguishable because in 1994, when the appellant in that case was convicted of provocative act murder, our "Supreme Court had not separated out the mens rea of individual defendants in provocative act murder cases," and "case law imposed culpability on all perpetrators of the underlying crime so long as the provocateur acted with malice, and did so in furtherance of the common criminal design." (*Lee*, *supra*, 95 Cal.App.5th at p. 1182.) As we already explained, that was no longer true by the time of Flores's conviction in 2010, when the law was clear the defendant must personally act with malice. (*Concha*, *supra*, 47 Cal.4th at p. 663; *McCoy*, *supra*, 25 Cal.4th at p. 1118; see fn. 4, *ante*.) As for *Langi*, *supra*, 73 Cal.App.5th 972, and *Maldonado*, *supra*, 87 Cal.App.5th 1257, we recently said there is no "indication the opinions considered the effect of the language in subdivision (a)(3) of section 1172.6 requiring that defendants show they can no longer be convicted 'because of' the recent legislative changes." (*Burns*, *supra*, 95 Cal.App.5th at 868, fn. 7.) " 'It is axiomatic that cases are not authority for propositions not considered.' " (*People v. Jennings* (2010) 50 Cal.4th 616, 684.)

11

Moreover, the problems the *Langi*, *Maldonado*, and *Lee* courts perceived with the jury instructions given in those cases were not present in the instructions given in Flores's case. *Lee* concluded the jury might have imputed malice from an accomplice because the instructions allowed the jury to find the appellant guilty if during the commission of a robbery a " 'surviving perpetrator . . . intentionally committed a provocative life-threatening act . . . [¶] . . . with knowledge of the danger to and with conscious disregard for human life.' " (*Lee*, *supra*, 95 Cal.App.5th at p. 1182].) *Langi* and *Maldonado* concluded that because, in the view of those courts, the instructions did not adequately explain that to be guilty of implied malice murder or murder by lying in wait an aider and abettor personally had to act with malice, the juries might have imputed malice from the direct perpetrator to the aider and abettor based solely on his participation in the crime. (*Langi*, *supra*, 73 Cal.App.5th at pp. 983–984; *Maldonado*, *supra*, 87 Cal.App.5th at pp. 1266–1267.) The instructions in Flores's case, however, presented no such possibility for imputing malice.

As we recounted earlier (see pt. I.B., *ante*), the superior court gave two separate instructions on provocative act murder, one patterned after CALCRIM No. 560 for Paez as the direct perpetrator and the other patterned after CALCRIM No. 561 for Flores as the aider and abettor. The instruction for Flores stated he was guilty if the People proved that while he was an accomplice of Paez in committing attempted murder, assault with a firearm, or shooting at an occupied vehicle, Flores intentionally committed a provocative act, he knew the natural and probable consequences of the provocative act were dangerous to human life and then acted with conscious disregard for life, and in response to his provocative act a CHP officer killed Melendrez. The instruction identified the provocative act charged against

12

Flores as "driving in a manner that allowed the right passenger [i.e., Paez] to shoot at [CHP officers],"[5] and stated the jury could not find Flores guilty unless all jurors agreed he committed the provocative act and the act was a direct and substantial factor that caused the killing. Thus, unlike the instruction in *Lee,* which allowed conviction based on an accomplice's malicious conduct, or those in *Langi* and *Maldonado*, which were criticized for purportedly inadequately focusing the jury's attention on the aider and abettor's mental state, the instruction in Flores's case directed the jury's attention to both *his* acts and *his* mental state. It explicitly stated the jury could not convict *Flores* of murder unless *his* provocative act caused Melendrez's death and *he* intentionally committed that act with knowledge it was dangerous to human life and with conscious disregard for life. Therefore, although the instruction did not use the phrase "implied malice," the jury was specifically instructed it could find Flores guilty of murder only if he *personally* acted with the mental state that constitutes implied malice. (See *Gonzalez*, *supra*, 54 Cal.4th at p. 655 ["Malice will be implied if the defendant commits a provocative act knowing that this conduct endangers human life and acts with conscious disregard of the danger."]; accord, *Gilbert*, *supra*, 63 Cal.2d at p. 704.)

Flores insists, however, his acquittal of the charges of attempted murder, assault with a firearm, and shooting at an occupied vehicle (see fn. 2, *ante*) suggests the jury most likely found him guilty for aiding and abetting Paez's provocative act, and "merely found that *Mr. Paez* possessed the mens

---

[5]   Attempting to evade law enforcement officers "by engaging in a high-speed, dangerous chase" may constitute a provocative act. (*People v. Lima* (2004) 118 Cal.App.4th 259, 268.) On Flores's appeal from the judgment of conviction, we ruled the evidence was sufficient to establish his driving constituted a provocative act.

rea necessary to convert the police's [*sic*] act of shooting into a murder for which [Flores] was responsible." We disagree. The jury was instructed to consider all the instructions together; to separately consider the evidence as it applied to each defendant; to decide each charge for each defendant separately; that the crimes charged required the union of act and wrongful intent; and that the act and specific intent or mental state required for murder were explained in the instruction for that crime. (CALCRIM Nos. 200, 203, 252.) As noted above, on murder the jury was given one instruction tailored to Paez and another tailored to Flores. Those instructions identified the separate provocative act charged against each; required each commit the provocative act charged against him; defined the required mental state in committing the provocative act; and stated that for the murder to be first degree, Melendrez must have been killed as a result of a provocative act committed during an attempted murder that was intentionally committed. We presume the jury understood and followed the instructions in rendering its verdicts on the murder charges. (*People v. Buenrostro* (2018) 6 Cal.5th 367, 431; *People v. Estrada* (2022) 77 Cal.App.5th 941, 948.) By finding Paez guilty of first degree of murder, which required *express* malice, and Flores of second degree murder, which required only *implied* malice (*Concha*, *supra*, 47 Cal.4th at p. 663; see fn. 3, *ante*), the jury appears to have followed the instructions by considering their mental states separately and not simply imputing Paez's to Flores.[6]

---

6     Any inconsistency between the verdict finding Flores guilty of murder and the verdicts finding him not guilty of attempted murder, assault with a firearm, and shooting at an occupied vehicle does not "imply that the jury must have been confused. [Citation.] An inconsistency may show no more than jury lenity, compromise, or mistake, none of which undermines the validity of a verdict." (*People v. Lewis* (2001) 25 Cal.4th 610, 656; accord, *People v. Brugman* (2021) 62 Cal.App.5th 608, 630.)

C.  *Ineffective Assistance of Counsel*

Finally, we reject Flores's contention that counsel appointed to represent him on the section 1172.6 petition provided ineffective assistance by failing to amend the petition and to argue that Flores was entitled to relief because he might have been convicted of murder on a theory of imputed malice.  As we have explained, the jury did not find him guilty of murder on a theory that allowed imputation of malice based solely on his participation in a crime at the time of conviction but no longer allows such imputation because of the legislative changes authorizing convicted murderers to seek relief under section 1172.6.  Since Flores is ineligible for relief on the ground he now urges, counsel was not ineffective for failing to raise that ground in the superior court.  (See, e.g., *People v. Caro* (2019) 7 Cal.5th 463, 488 [counsel not ineffective for failing to make frivolous or futile motion]; *In re Reno* (2012) 55 Cal.4th 428, 519 [mere omission of meritless claim insufficient to show counsel's performance was deficient]; *In re M.V.* (2014) 225 Cal.App.4th 1495, 1528 [when issues raised on appeal were not likely to have succeeded at trial, counsel was not ineffective for having failed to press them at trial].)

### III.

### DISPOSITION

The order denying the petition for resentencing is affirmed.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.